IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Judge Nora Barry Fischer |
| ALTIUM PACKAGING, L.P., | ) Civil Action No. 21-1550 |
| | ) |
| Defendant, | ) |

**ORDER OF COURT**

AND NOW, this 17th day of August, 2022, upon consideration of Defendant Altium's Motion to Quash Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action and brief in support, (Docket Nos. [56]; [57]), and Plaintiff Josh Walker's Response in Opposition, (Docket No. [60]),[1]

IT IS HEREBY ORDERED that Altium's Motion [56] is GRANTED, in part, and DENIED, in part, and Walker's subpoenas served on Altium's counsel are QUASHED, except that one of Altium's counsel, Emilie Hammerstein or Katelyn McCombs, may testify as to the following as provided on page 2 of Docket Number 53:

(1) Ms. Hammerstein's and Ms. McCombs' hourly rates for the instant case,

(2) Ms. Hammerstein's and Ms. McCombs' years of experience, and

---

[1] Altium filed a motion to quash a subpoena duces tecum on August 15, 2022, which the Court granted on August 17, 2022. (Docket Nos. 52; 61). The Court incorporates its August 17, 2022 memo order by reference.

1

(3) the amount that Littler has invoiced Altium on the instant case through the date of the fee petition. (Docket No. 53 at 2).

In so holding, the Court notes that the subpoenas are untimely because they fail to comply with the Court's case management order. FED. R. CIV. P. 1 (directing courts to construe the federal rule of civil procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding"); (Docket No. 57-1 at 19-24). To that end, Walker filed his case on October 27, 2021, and the Court issued a case management order directing that discovery should be completed by July 27, 2022. (Docket Nos. 1; 18 at ¶ 2). The parties held an unsuccessful mediation session with David White on April 7, 2022, and then on April 28, 2022 the clerk of the Western District of Pennsylvania entered judgment on the parties' Rule 68 Offer of Judgment. (Docket Nos. 26; 29). After the Court granted him thirty additional days to prepare his motion for attorney's fees, (Docket Nos. 30; 31), Walker filed his motion on June 7, 2022, which the parties briefed. (Docket Nos. 32; 33; 37; and 39). On July 29, 2022, the Court set a hearing to address the motion for attorney's fees for August 18, 2022. (Docket No. 41). On July 27, 2022, the Court ordered Altium to provide discovery materials referenced in Walker's counsel's billing records by August 3, 2022, and Altium complied. (Docket Nos. 40; 44; 46; 47; 48).

Whatever information Walker hoped to glean from the subpoenas would have arrived well after the discovery deadline of July 27, 2022 had passed. (Docket No. 18 at ¶ 2). Walker did not comply with the Court's Case Management Order as he failed to seek leave of court prior to serving the subpoenas or otherwise ask the Court to modify the previously expired discovery deadline. (*See* Docket No. 18 at ¶ 2 ("The discovery deadline shall be extended only by leave of court, and upon motion filed prior to the expiration of such deadline. . . . Any such motion shall contain a certificate of conferral as required by Local Rule 16.1.B.3.")); *see Ickes v. Grassmeyer*, 2016 WL

2

4197600, at *4 (W.D. Pa. Aug. 8, 2016) (denying motion to enforce subpoena served several months after closure of discovery period). Further, as this is a fee-shifting dispute, Walker bears the burden of "producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." *Smith v. Phila. Housing Auth.*, 107 F.3d 223, 225 (3d Cir. 1997). Accordingly, he should have immediately served the subpoenas to obtain what information he needed to support his June 7, 2022 fee petition and not waited until a few days before the hearing to serve them.

      Additionally, Altium's arguments have merit, and the Court believes that the testimony from Altium's counsel would lack relevance. (Docket No. 57). While "the amount charged by counsel for the opposition in the particular case or similar litigation" may be relevant to some attorney-fee disputes, *I.W. v. Sch. Dist. of Phila.*, 2016 WL 147148, at *5 (M.D. Jan. 13, 2016), information about opposing counsel's rates and fees lacks relevance in this case because Walker did not seek to rely on information about opposing counsel's fees in his fee petition or in subsequent briefing. (Docket No. 33). The Court has consistently rejected parties' attempts to introduce a new argument after briefing has completed but before a hearing. *See, e.g.*, *Vay v. Huston*, 2016 WL 1408116, at *8 (W.D. Pa. Apr. 11, 2016) (Fischer, J.) ("Although this Court often holds oral argument and liberally permits supplemental briefing, these procedures should not be construed as the Court granting permission to raise for the first time new issues or arguments at the hearing and through supplemental submissions."); *see also Dee v. Borough of Dunmore*, 2013 WL 685144, at * (M.D. Pa. Feb. 23, 2013) ("[E]vidence of fees and expenditures of other parties may be relevant to the issue of the reasonableness of the petitioner's fees and leaves questions of discovery on this issue to the informed discretion of the district court." (internal quotation marks and citation omitted)).

That said, the Court will permit Walker's counsel to question either Emilie Hammerstein or Katelyn McCombs regarding the information below because Altium's counsel put it forward as a compromise to addressing the subpoenas:[2]

(1) Ms. Hammerstein's and Ms. McCombs' hourly rates for the instant case,

(2) Ms. Hammerstein's and Ms. McCombs' years of experience, and

(3) the amount that Littler has invoiced Altium on the instant case through the date of the fee petition. (Docket No. 53 at 2).

Lastly, the subpoenas should be quashed because they did not allow for a reasonable time for objections under Rule 45(d)(3)(A)(i). (Docket No. 57-1 at 19, 22). The subpoenas to appear and testify directed at Altium's counsel were served on August 12, 2022 at approximately 1:51 p.m. and directed Altium's counsel to appear and testify on August 18, 2022 at 9:00 a.m., less than four business days after service. (Docket No. 57-1 at 3, 19, 22). Walker did not provide a reasonable time for objections for either subpoena, and the Court would quash the subpoenas on this basis alone.

For all of these reasons, Altium's Motion [56] is GRANTED in part, and DENIED, in part, and the subpoenas are QUASHED except to the extend outlined in this order.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf:  All counsel of record.

---

[2] Since this is a bench proceeding and defense counsel are officers of the court, the Court would accept a proffer from defense counsel as to the information they have agreed to provide on page 2 at Docket Number 53 in lieu of testimony. The Court would alternatively encourage the parties to confer and submit stipulated facts on these points.